**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4627

DAVID LAVAL MOORE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-96-66-MU, CR-96-124)

Submitted: August 15, 2000

Decided: September 18, 2000

Before WILKINS and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James F. Wyatt, III, Robert A. Blake, Jr., LAW OFFICES OF JAMES
F. WYATT, III, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Gretchen C.F. Shappert, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Laval Moore pled guilty without the benefit of a plea agreement to one count of possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1999), one count of possession with intent to distribute cocaine base and aiding and abetting same in violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C. § 2 (1994), and one count of conspiracy to possess with intent to distribute cocaine and cocaine base within 1000 feet of a protected area in violation of 21 U.S.C.A. §§ 841(a)(1), 846, 851 & 860 (West 1999). On appeal, Moore claims that the district court erred at sentencing by refusing to consider a downward departure from the sentencing guidelines range based upon his substantial assistance absent a motion from the Government. Moore also claims that the amount of drugs attributed to him for sentencing purposes was erroneously determined in violation of 18 U.S.C. § 201(c)(2)(1994). According to Moore, the district court erred by relying on individuals who gave statements to the Government in exchange for sentencing and prosecution considerations. Finding no reversible error, we affirm.*

We have held that a downward departure based upon substantial assistance under U.S. Sentencing Guidelines Manual § 5K1.1 (1997), requires a Government motion, see United States v. Schaefer, 120 F.3d 505, 508 (4th Cir. 1997), unless the court finds that the Government's refusal to file the motion "(1) is based on an unconstitutional motive; or (2) is not rationally related to a legitimate government

_____

*We have considered the effect of Apprendi v. New Jersey, 530 U.S. ___, 68 U.S.L.W. 4576 (June 26, 2000), and find that, because Moore received a sentence of imprisonment and a term of supervised release that did not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 1999), no plain error occurred. See United States v. Aguayo-Delgado, ___ F.3d ___, 2000 WL 988128, at *6 (8th Cir. July 18, 2000).

objective." <u>United States v. Maddox</u>, 48 F.3d 791, 795 (4th Cir. 1995). Moore's argument is without merit because he does not demonstrate that the exceptions apply. Because the Government did not file a motion for a downward departure, the district court did not err.

This court has rejected the claim that the Government violates § 201(c)(2) by granting immunity or leniency or entering into plea agreements to obtain testimony. Accordingly, Moore's second claim is rejected. <u>See United States v. Richardson</u>, 195 F.3d 192, 197 (4th Cir. 1999), <u>cert. denied</u>, ___ U.S. ___, 68 U.S.L.W. 3431 (U.S. Jan. 10, 2000) (No. 99-7186).

We affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3